# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| ROBERT TREPETA, | : | |
| *On behalf of himself and all* | : | |
| *other similarly situated individuals,* | : | |
| | : | |
|      Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL CONSUMER TELECOM | : | |
| AND UTILITIES EXCHANGE, INC., | : | Civil Action No: 2:18cv437 |
| | : | |
| and | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| | : | |
| SERVE:    Corporation Service Company | : | |
|           Bank of America Center, 16th Floor | : | |
|           1111 East Main Street | : | |
|           Richmond, VA 23219 | : | |
| | : | |
|     Defendants. | : | |

## PLAINTIFF'S (PROPOSED) FIRST AMENDED CLASS COMPLAINT

COMES NOW the Plaintiff, Robert Trepeta, by counsel, and hereby files this Complaint against the Defendants, based upon the following:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, and attorney fees and costs, pursuant to 15 U.S.C. § 1681, *et seq*. (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3.      Plaintiff is a natural person residing in Virginia, and at all times relevant hereto was

a "consumer" as defined by the FCRA.

4.      Defendant National Consumer Telecom and Utilities Exchange, Inc. ("NCTUE"), is a corporation headquartered in Atlanta, Georgia.

5.      NCTUE is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f). NCTUE is regularly engaged in assembling, evaluating, and disbursing information concerning consumers in order to furnish "consumer reports" to third parties as defined by 15 U.S.C. §1681a(d).

6.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company also headquartered in Atlanta, Georgia, and authorized to do business in the Commonwealth of Virginia through its registered agent in Richmond, Virginia.

7.      Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in order to furnish "consumer reports" to third parties as defined by 15 U.S.C. §1681a(d).

## STATEMENT OF FACTS

### PLAINTIFF TREPETA REQUESTS A COPY OF HIS CONSUMER DISCLOSURE FROM EQUIFAX

8.      In the spring of 2018, Plaintiff Trepeta requested a full copy of his file from Defendant Equifax.

9.      On or around May 12, 2018, in response to Plaintiff Trepeta's request, Equifax provided and furnished to Mr. Trepeta his conventional credit report.

10.     Although Equifax manages and operates the NCTUE database, Plaintiff's consumer disclosure did not list NCTUE nor contain any account information maintained in the NCTUE database or the source thereof.

11.     Equifax deprived Plaintiff Trepeta of this valuable information despite the requirements of the FCRA and according to its standard practice and procedure, and he suffered informational injury as a result.

## PLAINTIFF TREPETA REQUESTS A COPY OF HIS CONSUMER DISCLOSURE FROM NCTUE

12.     In June 2018, Plaintiff Trepeta requested a full copy of his file from Defendant NCTUE.

13.     Defendant NCTUE received this request in June 2018.

14.     To date, three months later, the Plaintiff has not received his consumer disclosure from Defendant NCTUE.

15.     NCTUE deprived Plaintiff Trepeta of this valuable information despite the requirements of the FCRA and according to its standard practice and procedure, and he suffered informational injury as a result.

## DEFENDANTS' FAILURE TO DISCLOSE UTILITY RECORDS AND THEIR TRUE SOURCE

16.     Defendant Equifax maintains information about consumers' account histories for their phone service, cable TV bills, internet service, water service, electricity provider and other various forms of consumer "utility" billing information, sourced from the NCTUE database, which is under the complete control of Defendant Equifax.

17.     Upon information and belief, Equifax attempts to segregate the NCTUE information away from its traditional credit reporting database so that it can argue that it does not need to disclose this information to consumers because it is not in their "file".

18.     However, Congress had already contemplated this gamesmanship as far back as 2003, when as part of the Fair and Accurate Credit Transactions Act of 2003 (FACTA), Congress

made it illegal to attempt to evade treatment as a consumer reporting agency by means of corporate reorganization or restructuring, or by manipulating the way in which data is physically stored.  15 U.S.C. §1681x; 12 C.F.R 1022.140.

19.     Defendant Equifax never includes the consumer utility payment history in its possession when a consumer writes to ask for a copy of their file.

20.     Defendant NCTUE similarly fails to comply with the requirements of 15 U.S.C. 1681g.

21.     The Defendants are aware of their obligations under the Fair Credit Reporting Act.

22.     The Defendants knew about their legal obligation to provide all information in a consumer's file upon the consumer's request under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

23.     Despite knowing these legal obligations, the Defendants acted consciously in breaching their known duties and deprived the Plaintiff and other members of the class of the information that each was entitled to under the FCRA.

24.     The Defendants' conduct was not a mere mistake or accident. Instead, it was the intended result of their standard operating procedures.

25.     Upon information and belief, the Defendants have not and do not intend to modify their procedures to comply with the FCRA, because compliance would drastically increase their operating expenses and compliance costs.

26.     Additionally, the Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA, including through the Consumer Data Industry Association, as well as their legal counsel.

## CLASS ACTION ALLEGATIONS

27.     The Plaintiff restates each of the allegations in paragraphs 1 through 26 as if set forth at length herein.

28.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the Fourth Circuit (a.) who requested their consumer file from Equifax, (b.) within the two years preceding the filing of this action and during its pendency, and (c.) to whom Equifax provided a consumer disclosure in response that did not include any reference to the NCTUE utility records information maintained by Equifax related to that person. Excluded from the class definition are any employees, officers, or directors of Equifax, any attorney appearing in this case, and any judge assigned to hear this action.

29.     The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical.  Although the precise number of class members is known only to the Defendant, Equifax sends out hundreds of thousands of consumer file disclosures per year, and Equifax's uniform practice and procedure is to always omit the NCTUE utility records information, and its source, from such disclosures. Accordingly, Plaintiff estimates that the class size for the Fourth Circuit alone numbers in the tens of thousands.

30.     The Plaintiff's claim is typical of those of the class members.  All are based on the same facts and legal theories.  Equifax's response to a consumer's request for a full copy of his or her consumer file routinely fails to include any information about the nature of the utility account information stored in Equifax's systems or its source.

31.     The Plaintiff will fairly and adequately protect the interests of the class.  The Plaintiff has retained counsel experienced in handling FCRA class actions.  Neither the Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

32.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.   Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

33.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

34.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.   Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.   Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually.   Further, most consumers affected by the Defendants' FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.   Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources.   The issues at the

core of this case are class wide and should be resolved at one time.  A win for one consumer

would set the law for every similarly situated consumer.

**COUNT I:  15 U.S.C. § 1681g**
**Equifax Only**
**(Class Claim)**

35.     The Plaintiff restates each of the allegations in paragraphs 1 through 34 as if set

forth at length herein.

36.     Equifax violated 15 U.S.C. § 1681g by failing to provide the Plaintiff and the

putative class members with a complete consumer disclosure that included all the information

maintained about that person by Equifax, as well as the source(s) of that information.

37.     Defendant Equifax's violations of 15 U.S.C. § 1681(g) were willful, rendering it

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling Plaintiff and the putative

class members to recover under 15 U.S.C. §1681o.

**COUNT II:  15 U.S.C. § 1681g**
**NCTUE Only**
**(Individual Claim)**

38.     The Plaintiff restates each of the allegations in the preceding paragraphs 1 through

7, and 12 through 26 as if set forth at length herein.

39.     NCTUE violated 15 U.S.C. § 1681g by failing to respond to Plaintiff's written

request for a copy of his file, by failing to disclose the source(s) of the information in its reports,

and by failing to identify each person that procured Plaintiff's reports.

40.     As a result of NCTUE's conduct, actions and inaction, Plaintiff suffered actual

damages.

41.     Defendant NCTUE's violations of 15 U.S.C. § 1681(g) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, NCTUE was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

42.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and his attorney fees from NCTUE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

43.     The Defendants' collective failure to disclose all information in their possession, including the utility payment history information and the source of such records in response to a consumer's request for a consumer disclosure, violates 15 U.S.C. § 1681g as to the Plaintiff and other putative class members.

44.     As a result of these violations of the FCRA, the Defendants are liable to the Plaintiff and to each putative class member for statutory damages from $100.00 to $1,000.00, as well as punitive damages, and their attorney fees and costs pursuant to 15 U.S.C. § 1681n.  In the alternative, NCTUE was negligent, entitling Plaintiff to recover pursuant to 15 U.S.C. §1681o.

45.     Plaintiff further seeks an Order requiring Defendant Equifax to provide the NCTUE information to each putative class member that historically requested their Equifax disclosure, and to continue providing this information to any individuals that may request their Equifax disclosure in the future.

Respectfully submitted,
**ROBERT TREPETA**


_____/s/_____
Matthew J. Erausquin, VSB #65434

Leonard A. Bennett, VSB #37523
Tara B. Keller, VSB #91986
Consumer Litigation Associates,
Northern Virginia, P.C.
1800 Diagonal Road, Ste. 600
Alexandria, Virginia 22314
(703) 273-7770 telephone
(888) 892-3512 facsimile
Email:  matt@clalegal.com
Email: lenbennett@clalegal.com
Email: tara@clalegal.com
*Counsel for the Plaintiff*